IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DONALD L. McCAFFERY

    Plaintiff,

v.                                                                   CV 00-PT-2848-M

WARNER-LAMBERT COMPANY,
et al

    Defendants.



## MEMORANDUM OPINION

    This cause comes on to be heard on plaintiff's Motion to Remand filed on October 23, 2000. This judge does not subscribe to the philosophy of some district and appellate judges that diversity jurisdiction is to reluctantly be accepted. This judge certainly does not subscribe to the argument that it should be abrogated. On the other hand, this judge is bound to follow the law.

    The basic thrust of the plaintiff's claim(s) in his complaint is that he was prescribed and ingested rezulin. It states: "As a result of the ingestion of rezulin, plaintiff incurred injuries." The complaint alleges that the "defendant Manufacturers" of rezulin committed various violations with reference to rezulin. The complaint further alleges that the defendant White improperly prescribed rezulin. There is no suggestion that the two claims are not connected.

    Rule 20 of the Alabama Rules of Civil Procedure provides <u>inter alia</u>, "All persons may be joined in one action as defendants if there is asserted against them jointly, <u>severally</u>, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or <u>series</u> <u>of</u> <u>transactions</u> <u>or</u> <u>occurrences</u> and if <u>any</u> question of law or fact common to all defendants

will arise in the transaction." This is substantially the same as Rule 20 of the Federal Rules of Civil Procedure. The two causes of action were clearly properly joined.

The removing defendants suggest that since the allegations are somewhat inconsistent, the plaintiff cannot possibly recover against White. That argument is not consistent with the law or common sense. Defendants are often charged with inconsistently pleaded causes, either severally or alternatively.

The removing defendant further says that the plaintiff has not properly pleaded a cause of action against White. This judge cannot conclude that the plaintiff cannot possibly prevail against White on the allegations in the complaint. It would appear that White is on notice that he is charged with inappropriately prescribing the drug.

The Motion to Remand will be **GRANTED**.

This the 8th day of December, 2000.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**